IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LESSIE ANDERSON,

                      Plaintiff,

vs.                                         Civil Action No.
                                                   9:04-CV-0030 (NAM/DEP)

LOYCE DUKE, *et al.*,

                      Defendants.

---

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF:

LESSIE ANDERSON, *pro se*

FOR DEFENDANT:

HON. ELIOT SPITZER                 JANICE A. DEAN, ESQ.
Office of the Attorney General       Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff Lessie Anderson, a former New York State prison inmate who is apparently also known as Jeffrey Benjamin, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging that while

incarcerated he experienced a deprivation of his constitutional rights. In his complaint, plaintiff asserts that his First Amendment right to freely exercise his religious beliefs was infringed by prison officials, and that after filing an inmate grievance regarding the matter prison officials improperly disclosed information regarding his grievance, in violation of governing regulations, and additionally conducted a hearing regarding the grievance in his absence.

Currently pending before the court is a motion by Herbert McLaughlin, one of the defendants named in plaintiff's complaint, seeking dismissal of plaintiff's claims against him based upon the lack of his personal involvement in the constitutional violations alleged. Because plaintiff's complaint, even when generously construed in his favor, fails to allege the moving defendant's personal involvement in a cognizable, constitutional violation, I recommend that his motion be granted, with leave to replead.

I.   BACKGROUND[1]

Plaintiff is a former New York State prison inmate who, at the

---

[1] In light of the procedural posture of the case, the following recitation is drawn from plaintiff's complaint, the contents of which are deemed to be true for purposes of the pending motion. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

relevant times, was entrusted to the custody of the New York State Department of Correctional Services ("DOCS"), and incarcerated within the Hudson Correctional Facility ("Hudson"), located in Hudson, New York. Amended Complaint (Dkt. No. 20) at 2. From his complaint, it appears that during the time of his incarceration at Hudson plaintiff was a practicing Muslim. *Id.* at 3-4.

Plaintiff's allegations center around an Islamic prayer service known as Eid al-Fitr, conducted in November of 2003 in conjunction with the month of Ramadan. Amended Complaint (Dkt. No. 20) at 3-B. According to Anderson, while the Eid al-Fitr prayer service was to have taken place on November 25, 2003, it was deferred by prison officials, and not held until November 26, 2003. *Id.* Plaintiff's complaint attributes the delay in permitting participation in the Islamic prayer event to defendant Loyce Duke, the Deputy Superintendent of Programs at Hudson. *Id.* at 3, 3-B.

In or about late November, 2003, plaintiff filed an inmate grievance regarding the delay in scheduling the Eid al-Fitr prayer service. Amended Complaint (Dkt. No. 20) at 3-C. Plaintiff asserts that information regarding his grievance was improperly disclosed to others by defendant Oscar L. McLaughlin, a chaplain stationed at Hudson, in violation of

-3-

governing regulations.  *Id.*  Plaintiff further alleges that defendant D. Thomas Testo, the Grievance Supervisor at the facility, scheduled and presided over a hearing before the Inmate Grievance Review Committee ("IGRC") to address his grievance, but that he was not permitted to attend that hearing.  *Id.* at 3-C-3-D.

On December 19, 2003 plaintiff confronted Testo in the prison library, questioning the basis for the refusal to allow him to be present during the IGRC hearing.  Amended Complaint (Dkt. No. 20) at 3-C-3-D.  According to Anderson, Hudson Superintendent Herbert McLaughlin, who was also in the library at the time, overheard the conversation but took no action to address the issue.  *Id. at* 3-D-3-E.

II.     PROCEDURAL HISTORY

Plaintiff commenced this action on January 9, 2004 and, at the court's direction, filed an amended complaint on June 20, 2005.  Dkt. Nos. 1, 6, 15, 20.  Named as defendants in plaintiff's complaint, as amended, are Loyce Duke, Deputy Superintendent of Programs at the facility; Herbert McLaughlin, the Superintendent at Hudson; D. Thomas Testo, the Grievance Supervisor; Oscar L. McLaughlin, a prison chaplain; and a watch commander who is not identified by name in plaintiff's complaint.

As relief, plaintiff's complaint seeks recovery of $100 million against each of the defendants.

Three of the four defendants sued by Anderson, including Loyce Duke, Oscar L. McLaughlin, and Thomas Testo, have jointly interposed an answer to plaintiff's complaint, dated January 26, 2006, generally denying its allegations and asserting various defenses. Dkt. No. 30. The fourth named defendant, Herbert McLaughlin, has chosen instead to move seeking dismissal of plaintiff's claims against him, based upon the lack of any allegation showing his personal involvement in the constitutional violations alleged. Dkt. No. 31. The court has received no papers from or on behalf of the plaintiff in opposition to Superintendent McLaughlin's motion, which is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III. DISCUSSION

    A.    <u>Legal Significance of Plaintiff's Failure To Oppose Defendants' Motion</u>

Confronted with a motion by defendant H. McLaughlin seeking dismissal of plaintiff's complaint as against him, Anderson has failed to

-5-

provide the court with the benefit of any argument as to why that motion should not be granted. Before turning to the merits of the pending motion, I must first consider the legal consequences, if any, associated with that failure.

Although the plaintiff has filed no opposition to defendants' motion to dismiss, I am not precluded from recommending disposition of the motion without the benefit of his submission. *See*, *e.g.*, *White v. Mitchell*, No. 99-CV-8519, 2001 WL 64756, at *1 (E.D.N.Y. Jan. 18, 2001). Motions to dismiss test only the legal sufficiency of the complaint; accordingly, while a party should be given reasonable opportunity to respond to such a motion the court can determine the complaint's sufficiency as a matter of law based on its own reading of the complaint and knowledge of the relevant case law. *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

While under this court's local rules a party's failure to respond to a properly filed motion can be considered as signaling the lack of any opposition, before granting the motion the court must first make a threshold finding that the moving party has met its burden demonstrating entitlement to the relief requested. N.D.N.Y.L.R. 7.1(b)(3); *see also McCall*, 232 F.3d at 322-23 (holding that plaintiff's failure to respond to

motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); *White*, 2001 WL 64756, at n.2 (citing *McCall*). Accordingly, the court must review the pending motion for facial sufficiency before the relief sought can be awarded, notwithstanding plaintiff's failure to properly oppose the motion.

B.     Rule 12(b)(6) Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, applying a standard which is neither controversial nor rigorous in its requirements. Under that provision, a court may not dismiss a complaint unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him [or her] to relief.'" *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper*, 378 U.S. at 546, 84 S. Ct. at 1734; *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.) (citation omitted), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153

motion to dismiss in and of itself could not constitute basis for dismissal if plaintiff's complaint stated a claim for relief); *White*, 2001 WL 64756, at n.2 (citing *McCall*). Accordingly, the court must review the pending motion for facial sufficiency before the relief sought can be awarded, notwithstanding plaintiff's failure to properly oppose the motion.

B.     Rule 12(b)(6) Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, applying a standard which is neither controversial nor rigorous in its requirements. Under that provision, a court may not dismiss a complaint unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him [or her] to relief.'" *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper*, 378 U.S. at 546, 84 S. Ct. at 1734; *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.) (citation omitted), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153

(2003); *Burke v. Gregory*, 356 F. Supp.2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The court's determination as to the sufficiency of a complaint must take into consideration the fact that the governing rules require only that the defendant be afforded "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S. Ct. at 103; *see Phillips v. Girdich*, 408 F.3d 124, 127-29 (2d Cir. 2005).

When assessing the sufficiency of a complaint against this backdrop, particular deference must be afforded to a *pro se* litigant; a court must generously construe a *pro se* plaintiff's complaint when determining whether it states a cognizable cause of action. *Davis*, 320 F.3d at 350 (citations omitted). A complaint drafted by an uncounselled plaintiff should not be dismissed unless "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997) (citation omitted). In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim could potentially be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely

given when justice so requires").

### C. Lack of Personal Involvement

The sole basis for Superintendent McLaughlin's dismissal motion is the contention that plaintiff's complaint fails to disclose any basis for finding personal involvement on his part in any constitutional deprivation. Personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under section 1983 against that party. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991) and *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S. Ct. 1282 (1978)). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

The fact that defendant H. McLaughlin is the superintendent of a prison facility at which constitutional violations are alleged to have occurred does not in and of itself expose him to liability for damages. A supervisor cannot be liable for damages under section 1983 solely by

virtue of being a supervisor – there is no *respondeat superior* liability under section 1983. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. A supervisory official can, however, be liable in one of several ways: 1) the supervisor may have directly participated in the challenged conduct; 2) the supervisor, after learning of the violation through a report or appeal, may have failed to remedy the wrong; 3) the supervisor may have created or allowed to continue a policy or custom under which unconstitutional practices occurred; 4) the supervisor may have been grossly negligent in managing the subordinates who caused the unlawful event; or 5) the supervisor may have failed to act on information indicating that unconstitutional acts were occurring. *Richardson*, 347 F.3d at 435; *Wright*, 21 F.3d at 501; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

The solitary allegation in plaintiff's complaint regarding Superintendent McLaughlin's participation in the events giving rise to plaintiff's claim surrounds a conversation between Anderson and defendant Testo, the inmate grievance supervisor at Hudson, concerning the fact that a grievance hearing had been conducted in plaintiff's absence. Amended Complaint (Dkt. No. 20) at 3-C-3-E. Plaintiff alleges

that Superintendent McLaughlin witnessed that conversation and, surmising that he was able to overhear its contents, accuses him of failing to intervene on his behalf, noting that the Superintendent "never said a word[.]" *Id.* at 3-E.

In their motion defendants liken this situation to those circumstances under which courts have absolved facility superintendents or other similarly positioned supervisory employees of liability where allegations regarding their involvement are limited to the receipt of unanswered letters complaining of constitutional deprivations. *See, e.g., Pettus v. Horn*, No. 04 Civ. 459, 2005 WL 2296561, at *4 (S.D.N.Y. Sept. 21, 2005); *Greenwaldt v. Coughlin*, No. 93 Civ. 6551, 1995 WL 232736, at *4 (S.D.N.Y. Apr.19, 1995) ("[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations.") (citing, *inter alia*, *Garrido v. Coughlin*, 716 F.Supp. 98, 100 (S.D.N.Y.1989) (dismissing claim against superintendent of prison where only allegation was that he ignored inmate's request for an investigation)). Those and other similar cases absolving supervisory DOCS employees of personal liability, however, are

-11-

premised upon the inability to say with certainty that an ignored letter complaining of a constitutional deprivation provides a basis to conclude that the recipient knew or reasonably should have been aware of the violation, but failed to act on information reflecting its existence.  In this instance, however, it cannot be said based upon the allegations of plaintiff's complaint, construed in a light most favorable to him, that at trial he could not prove a set of circumstances which would lead a reasonable factfinder to conclude Superintendent McLaughlin was aware of, but failed to act with regard to, the contents of plaintiff's communication with defendant Testo.  *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

This finding, however, does not end the inquiry.  Under the relevant test for establishing supervisory liability, a plaintiff seeking to hold a defendant accountable under circumstances such as those now presented must establish that the defendant knew of and acquiesced in a constitutional deprivation.  *See Blyden v. Mancusi*, 186 F.3d 252, 265 (2d Cir. 1999) ("Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation.").  In this instance, plaintiff's allegations regarding Superintendent McLaughlin's involvement focus solely upon the claim that a grievance hearing was

improperly conducted in his absence. Plaintiff has not cited, nor am I aware of, any authority establishing that a failure to permit an inmate to be present at an IGRC hearing addressing a grievance filed by the prisoner represents a deprivation of constitutional proportions. *Cf.*, *Dawes v. Leonard*, 885 F.Supp. 375, 377-78 (N.D.N.Y.) (exclusion of inmate from attendance at disciplinary hearing does not represent a constitutional deprivation) (Baer, J.), *aff'd*, 71 F.3d 406 (2d Cir. 1995); *see also Odom v. Poirier*, No. 99 Civ. 4933, 2004 WL 2884409, at *9-*10 (S.D.N.Y. Dec. 10, 2004) (while the filing of inmate grievances is constitutionally protected, the manner in which such grievances are addressed is not subject to due process scrutiny). As such, plaintiff's allegations do not suffice to establish that through overhearing plaintiff's conversation with defendant Testo, Superintendent McLaughlin became aware of, but refused to act in connection with, a constitutional deprivation. *See Colon*, 58 F.3d at 873. Accordingly, plaintiff has not sufficiently alleged Superintendent McLaughlin's personal involvement in connection with an actionable constitutional deprivation to establish a potential basis for finding liability on his part.

IV.     SUMMARY AND RECOMMENDATION

The only allegations set forth in plaintiff's complaint against defendant Herbert McLaughlin, the Superintendent of the Hudson Correctional Facility, grow out of his allegedly having witnessed a conversation in which plaintiff complained to the inmate grievance coordinator of the fact that a grievance hearing was conducted in his absence. Since the holding by the IGRC of an inmate grievance hearing in the absence of the grieving inmate does not implicate a constitutional violation, plaintiff's allegations do not suffice to adequately plead Superintendent McLaughlin's personal involvement in a constitutional deprivation. It is therefore hereby

RECOMMENDED, that defendant Herbert McLaughlin's motion seeking dismissal of plaintiff's complaint as against him (Dkt. No. 31) be GRANTED, and that plaintiff's claims against that defendant be DISMISSED in all respects, with leave to replead.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.


28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

　　　　　　　　　　　　　　　　/s/ David E. Peebles
　　　　　　　　　　　　　　　　David E. Peebles
　　　　　　　　　　　　　　　　U.S. Magistrate Judge

Dated:    April 17, 2006
　　　　　 Syracuse, NY

G:\ISSUES\civil rights\procedural due process\grievance process\landerson.wpd